## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HENRY MIGUEL ENCHENIQUE PACHECO et al., | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. CIV-26-204-JD |
| MERRICK B. GARLAND et al., | ) ) ) | |
| Respondents. | ) ) | |

### ORDER GRANTING NEXT FRIEND STATUS

Petitioner's spouse, Esther Nohemi Gómez, has filed an amended petition on behalf of Petitioner Pacheco. Doc. 15. She also explains in a letter to the Court that Petitioner is not receiving mail at the detention center and cannot proceed with this action without her assistance. Doc. 16.[1]

A "next friend" may pursue relief on behalf of a detained person who is unable to seek relief on his own. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). To pursue a case as a next friend, the proposed next friend must show "that the real party in interest is unable to litigate his own cause due to mental

---

[1] Ms. Gómez is designated as a party to this action. But "[a] 'next friend' does not [herself] become a party to the habeas corpus action in which [she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Williams v. Boone*, 1999 WL 34856, at \*4 (10th Cir. 1999). The Court directs the Clerk of Court to remove Ms. Barrios as a named Petitioner and designate her only as "Next Friend" to Petitioner Pacheco.

incapacity, lack of access to court, or other similar disability." *Id.* at 165; *see also Williams*, 1999 WL 34856, at *5 ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."); Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts, advisory committee note to 2004 amendments ("The Committee envisions that the courts would apply [the] . . . 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner."). The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate" and "have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. The burden is on the next friend to "clearly establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164.

Ms. Gómez identifies herself as Petitioner's spouse. She also explains that Petitioner cannot pursue his own case because "he has faced serious barriers communicating with the outside world and accessing the materials necessary to prepare legal filings." Doc. 16, at 1.

For good cause shown, the Court grants Ms. Gómez next friend status for Petitioner Pacheco.

**SO ORDERED** this 18th day of March, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE