# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HENRY MIGUEL ENCHENIQUE PACHECO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. CIV-26-204-JD |
| MERRICK B. GARLAND et al., | ) ) ) | |
| Respondents. | ) ) | |

## ORDER DENYING MOTION TO STAY RESPONSE

Respondents move to stay their response pending the Court's decision on whether Petitioner's spouse, Esther Nohemi Gómez, may proceed as his next friend in this habeas corpus action. The Court has already granted Ms. Gómez next friend status. *See* Doc. 18. So the Court construes Respondents' motion as a request to reconsider the issue. The Court DENIES the motion.

As the Court found in its previous order, a "next friend" may pursue relief on behalf of a detained person who is unable to seek relief on his own. *See Whitmore v. Arkansas*, 495 U.S. 149, 162-64 (1990); *see also* 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*.") (emphasis added).[1] To pursue a case as a next friend, the proposed next friend

---

[1]    In their motion, Respondents state that "[a] next friend who is not an attorney may not litigate on behalf of a real party in interest" unless they also

must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore*, 495 U.S. at 165; *see* Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts, advisory committee note to 2004 amendments ("The Committee envisions that the courts would apply [the] . . . 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner."). The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate" and "have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. The burden is on the next friend to "clearly establish the

---

have "the assistance of counsel." Doc. 21, at 4, 6. That is not what *Whitmore* holds. And neither *Bunn v. Perdue*, 966 F.3d 1094, 1098 (10th Cir. 2020), nor *Adams ex rel D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011), which Respondents cite in support of their assertions, hold otherwise. *See Bunn*, 966 F.3d at 1096, 1098 (approving district court's decision in an employment discrimination suit to strike a document purportedly filed by the plaintiff's non-attorney next friend where the plaintiff's attorneys had not withdrawn their representation and there had been no showing of incompetence under Fed. R. Civ. P. 17(c)); *Adams*, 659 F.3d at 1300-01 (acknowledging 28 U.S.C. § 1654 and Fed. R. Civ. P. 17(c) but agreeing with the Fifth Circuit that "'prohibiting non-attorney parents from proceeding pro se in appeals from administrative SSI decisions, on behalf of a minor child, would jeopardize seriously the child's statutory right to judicial review under [42 U.S.C.] § 405(g)'" and holding that "Ms. Adams is properly before this court in her pro se appeal on behalf of D.J.W. Had the parent not been competent, i.e. did not meet the standards set forth in 20 C.F.R. Sec. 416.1505, counsel would be required for the matter to proceed in federal court." (first quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)).

2

propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164.[2]

Ms. Gómez identified herself as Petitioner's spouse and explained that Petitioner cannot pursue his own case because "he has faced serious barriers communicating with the outside world and accessing the materials necessary to prepare legal filings." Doc. 16, at 1. She presented evidence that Petitioner was not receiving legal mail at the detention center and that the authorities had blocked his incoming mail. *See* Doc. 17. Given the expedited nature of these proceedings the Court found this to be good cause to grant Ms. Gómez next friend status. *See* Doc. 18, at 2. If Respondents disagree with this finding, they may appeal to Judge Dishman.

Respondents shall file their responses to the amended petition and motions on or before April 6, 2026.

**SO ORDERED** this 2nd day of April, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[2]   In establishing the requirements for next friend status, the *Whitmore* Court did not state a next friend had to be independently represented by an attorney.