# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY MIGUEL ENCHENIQUE PACHECO, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) )  Case No. CIV-26-204-JD |
| TODD BLANCHE et al.,[1] | ) ) ) |
| Respondents. | ) ) |

## REPORT AND RECOMMENDATION

---

[1]    Todd Blanche is the acting United States Attorney General. The Court substitutes him as a Respondent for former Attorney General Merrick B. Garland. *See* Fed. R. Civ. P. 25(d).  The Court also substitutes Todd M. Lyons as Acting Director of Immigration and Customs Enforcement (ICE) and Fred Figueroa as Warden of the Diamondback Correctional Facility as the proper parties. Respondent Warden Figueroa is not a federal official, and Respondents have not filed a response on his behalf.

Petitioner Henry Miguel Enchenique Pacheco,[2] a noncitizen proceeding pro se,[3] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 15.[4] United States District Judge Jodi W. Dishman referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 9. The Government responded, Doc. 23, and Petitioner replied. Doc. 24. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition, in part, and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business

---

[2] This Court granted Esther Nohemi Gómez Barrios, who identifies herself as Petitioner's spouse, "next friend" status under *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). Doc. 18. Respondents submit that there has been no showing that Ms. Gómez Barrios is an attorney and therefore she may not represent Petitioner or submit filings on Petitioner's behalf. Doc. 23, at 1 n.2; Doc. 21. *Whitmore* does not require such a showing. *See* Doc. 22. The Court will refer solely to Petitioner in this Report and Recommendation to avoid confusion.

[3] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes pro se filings "liberally," but the Court will not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

## I.    Factual background and procedural history.

Petitioner is a citizen of Venezuela who has been in ICE custody since December 22, 2025. Doc. 15, at 5, 7; Doc. 23, Ex. 1. Petitioner entered the United States on or about July 26, 2022. Doc. 24, Ex. 1, at 1. He was paroled into the United States under 8 C.F.R. § 212 on that same date. *Id.* at 2; *see* 8 U.S.C. § 1182(d)(5)(A).[5] On July 12, 2023, he applied for asylum and withholding of removal. Doc. 23, Ex. 2.

On December 22, 2025, the Department of Homeland Security (DHS) placed him into standard removal proceedings under 8 U.S.C. § 1229a by issuing a Notice to Appear (NTA). *Id.* Ex 1. DHS charged him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) of the Immigration and Nationality Act (INA) as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. *Id.* at 4. He has been detained since December 2025 without a bond hearing. Doc. 15, at 6-8.

---

[5]    It appears that grant of parole expired on September 26, 2022. Doc. 24, Ex. 1, at 2.

## II.    Petitioner's claims.

Petitioner claims he has suffered "[u]nlawful and prolonged immigration detention without a meaningful bond hearing." Doc. 15, at 7. He also alleges unconstitutional conditions of confinement, which are not cognizable habeas claims. *Id.* at 7-8.[6] He seeks his immediate release or an immediate individualized bond hearing. *Id.* at 8.

## III.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484. Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

---

[6]    *See, e.g.*, *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (explaining that the "fundamental purpose of a § 2241 habeas proceeding" is to attack "the legality of [] custody," and "the traditional function of the writ is to secure release from illegal custody" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973))); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("[P]risoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits . . .—not through federal habeas proceedings.").

4

"When called on to resolve a dispute over a statute's meaning," the Court should "seek[] to afford the [statute's] terms their ordinary meaning at the time Congress adopted them" and to "exhaust all the textual and structural clues bearing on the meaning." *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021) (internal quotation marks omitted). This Court's "'sole function' is to apply the law as the Court finds it, . . . not defer to some conflicting reading the government might advance." *Id*. (internal citation omitted); *see also Oklahoma v. U.S. Dep't of Health & Hum. Servs.*, 107 F.4th 1209, 1222 n.11 (10th Cir. 2024) (stating that the court "must independently interpret the statutory phrase irrespective of the parties' positions"), *judgment vacated on other grounds*, 145 S. Ct. 2837 (2025).

## IV.    Discussion.

### A.    Section 1226 governs Petitioner's detention.

Respondents argue that 8 U.S.C. § 1225(b)(2)(A) requires Petitioner's mandatory detention. Doc. 23, at 5. This Court has compared §§ 1225 and 1226 and decided noncitizens like Petitioner are entitled to a bond hearing under § 1226. *See, e.g.*, *Cortes v. Holt*, Case No. CIV-25-1176-SLP, 2026 WL 147435, at *3-7 (W.D. Okla. Jan. 20, 2026); *see also Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026). The Court should reach the same result in this case.

Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control," and "'[n]oncitizens 'seeking admission' are those who have not effected an entry into the United States.'" *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at \*4 (W.D. Okla. Dec. 16, 2025) (quoting *Sacvin v. Anda-Ybarra,* 2025 3187432, at \*3 (D.N.M. Nov. 14, 2025)). Petitioner arrived and was paroled into the country over three years ago, so he is not subject to § 1225(b)(2)(A)'s mandatory detention requirement. Numerous Judges in this District have held likewise. *See Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at \*1 (W.D. Okla. May 4, 2026) (collecting cases); *see also Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at \*2 (W.D. Okla. Jan. 13, 2026) ("The court also agrees that § 1226(a), not § 1225(b)(2)(A), governs petitioner's detention."); *Escarcega v. Olson,* No. CIV-25-1129-J, 2025 WL 3243438, at \*2 (W.D. Okla. Nov. 20, 2025) ("[B]ased on the plain language of § 1225(b)(2)(A), the phrase 'seeking admission' only applies to noncitizens who are presently and actively seeking lawful entry into the United States at the border.") (internal quotation marks and alterations omitted);[7] *see also Castañon-Nava*

---

[7]     *But see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at \*3 (W.D. Okla. Jan. 6, 2026) (holding § 1225 applied to the petitioner's detention); *Montoya v. Holt*, No. CIV-25-1231-JD, 2025 WL 3733302, at \*12 (W.D. Okla. Dec. 26, 2026) (same).

6

*v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) ("[I]t is Congress's prerogative to define a term however it wishes, and it has chosen to limit the definition of an 'applicant for admission' to 'an alien present in the United States who has not been admitted or who arrives in the United States.' It could easily have included noncitizens who are 'seeking admission' within the definition but elected not to do so.") (internal citation omitted).[8] As well as determining that if "all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant and courts should avoid statutory interpretations that 'make[] any part [of the statute] superfluous.'" *Escarcega*, 2025 WL 3243438, at *3 (quoting *Fuller v. Norton*, 86 F.3d 1016, 1024 (10th Cir. 1996)). And the Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026)).

---

[8]    *But see Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (applying § 1225 to a similar habeas challenge); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026) (same).

### B.     Petitioner is entitled to a bond hearing under § 1226(a)

When Petitioner was detained after residing in the country for over three years, he was not subject to mandatory detention under § 1225(b)(2)(A). Instead, Petitioner is subject to § 1226, and "is entitled to a prompt bond hearing before an immigration judge pursuant to § 1226(a)." *Cortes*, 2026 WL 147435, at *7; *see also Cunha v. Freden*, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) (concluding the petitioner's detention was "governed by Section 1226(a), not Section 1225(b)(2)(A)," and explaining that its holding "allows noncitizens like Petitioner, who are already present in the United States and are determined not to be a flight risk or danger to the community to be released on bond under Section 1226(a) while their removal proceedings are pending").

The undersigned therefore recommends the Court grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge under § 1226(a) within five business days of the Court's adoption of this Report and Recommendation or, in the alternative, immediately release Petitioner.

The Court should decline to address Petitioner's remaining claims.

### V.     Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas application, in part, and **order Respondents to**

**provide Petitioner with an individualized bond hearing before a neutral immigration judge under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.**

**The undersigned further recommends that the Court order Respondents certify compliance by filing a status report within ten business days of the Court's order.** Counsel for Respondents should also provide a copy of the Court's order to counsel for the Warden of the Diamondback Correctional Facility without delay.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by May 12, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[9] The undersigned further advises the parties that failure to make timely

---

[9]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to five days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

      **ENTERED** this 7th day of May, 2026.


                              SUZANNE MITCHELL
                              UNITED STATES MAGISTRATE JUDGE